**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEBORAH ANN WILSEIONNAS,**
            **Plaintiff,**

-vs-                                                **Case No.  6:08-cv-59-Orl-18KRS**

**CHERI RICHARDS,**
**MORAIMA MEDINA,**
**MIRTA TORRES,**
**STEPHANIE FEIL,**
**EVELYN GONZALEZ,**
**LAURA DAVIS,**
            **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **January 14, 2008** |

On January 14, 2008, a *pro se* complaint was filed on behalf of Deborah Ann Wilseionnas ("Wilseionnas") but signed by Cobbrettie C. Wilseionnas III ("Cobbrettie"). Doc. No. 1. The complaint seeks $10 trillion in damages related to the removal of a child from Wilseionnas's home by the Florida Department of Children and Families ("DCF").  Wilseionnas and Cobrettie previously filed other complaints in this Court that appear to be related to the facts underlying the

present complaint.[1] Wilseionnas and Cobbrettie's prior complaints were dismissed as frivolous and for lack of subject matter jurisdiction. Case 6:07-CV-1043-ORL-19UAM, Doc. No. 14 (frivolous); Case 6:07-cv-01298-ACC-UAM, Doc. No. 5 (lack of subject matter jurisdiction). Currently pending before the Court is Wilseionnas's application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Wilseionnas's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject

---

[1] The two prior complaints were styled as: *Cobbrettie Wilseionnas, III, Wilseionnas Boone, Melissa Boone, and Anna Boone v. Moraima Medina, Cheri Richards, Lance Telgander, Karen R, Mart, Loria Phelps, Bill Krock, Victor Stefanici, Anne Marie Miglionico, Karen Martin, Judge Margeret Waller, Maria M. Perry, O.S.O., Stephen Johnson, Kathy Tazamoth*, United States District Court for the Middle District of Florida, Case No. 6:07-cv-01043-PCF-UAM; and *Wilseionnas Boone, Melissa Boone and Cobbrettie Wilseionnas, III v. Laura Davis*, United States District Court for the Middle District of Florida, Case No. 6:07-cv-01298-ACC-UAM.

matter jurisdiction even when a party has not challenged it.  *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I.     ALLEGATIONS OF THE COMPLAINT

Wilseionnas alleges that DCF removed her granddaughter from her home on the basis of lies about Wilseionnas's husband.  Wilseionnas contends that DCF removed her granddaughter even though DCF determined that her granddaughter's "private parts" had not been "messed with." The pleading also complains that Judge Waller did not permit introduction of certain evidence in a proceeding before her. The complaint does not identify the defendants listed in the caption of the complaint or state what act(s) each of the named defendants allegedly performed.  Wilseionnas sues for "harassment, lost of work, pain and suffering."

## II.    ANALYSIS

Wilseionnas does not specify any federal constitutional or statutory provisions that she alleges were violated.  Accordingly, it does not appear that this Court could exercise federal question jurisdiction.  28 U.S.C. § 1331.  Further, for the Court to exercise diversity jurisdiction over this apparent state law tort claim, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.  Wilseionnas does not allege the state in which she and each defendant are citizens.  Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction.  28 U.S.C. § 1332.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed. The Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate.  *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte*

dismissal of his complaint under § 1915(e)(2)(B)).  The Court may find that leave to amend is inappropriate in this case given Wilseionnas's history of unmeritorious litigation, which the court may consider in deciding whether to dismiss a questionable claim.  *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

Should the Court determine that leave to amend should be granted, in an amended complaint Wilseionnas must set forth each claim arising from a statute, common law provision, or constitutional provision in a separate count of the complaint.  Fed. R. Civ. P. 10(b).  She should clearly describe how each named defendant is involved in each of the alleged violations.  Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of the plaintiff' rights(s) or directed such action and/or omission that resulted in such deprivation.  Finally, Wilseionnas must show specifically how she has been damaged (how she was harmed or injured by the actions and/or omissions of the defendant(s)) with respect to each claim.   Wilseionnas cannot bring a claim for injury to anyone other than herself.  Alternatively, Wilseionnas may file a complaint in state court.  Should the Court permit Wilseionnas to file an amended complaint, it should also permit her to file a renewed motion to proceed without prepayment of fees with the amended complaint.

**III.     RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that:

1.      The Court **DENY** the motion to proceed *in forma pauperis* at Doc. No. 2;

2.      If the Court permits Wilseionnas to file an amended complaint and renewed motion to proceed without prepayment of fees, the Court **ORDER** her to file the amended pleading and motion within eleven days from the date of its ruling on this Report and Recommendation; and,

      3.      If the Court decides that leave to amend is inappropriate in this case, that the Court **DISMISS** the complaint filed in this action and direct the Clerk to close the case.  To dismiss with prejudice due to Wilseionnas's history of unmeritorious litigation, the Court must make sufficient findings to support its dismissal with prejudice.

      Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

      Recommended in Orlando, Florida on January 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record
Unrepresented Party